UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SCHOOL BOARD OF THE
CITY OF SUFFOLK,

       Plaintiff,

    v.                                ACTION NO: 2:15cv18

TERI A. ROSE, AS PARENT
AND NEXT FRIEND OF C.A.R.
a/k/a C.R.,

       Defendant.

<u>ORDER</u>

This matter comes before the court on cross motions for summary judgment filed by the Plaintiff, School Board of the City of Suffolk ("Suffolk"), on May 4, 2015, ECF No. 16, and the Defendant, Teri A. Rose ("Rose"), on May 4, 2015, ECF No. 18. Suffolk appeals the decision of an administrative hearing officer resolving a due process complaint, filed by Rose, alleging violations of the Individuals with Disabilities Education Act ("IDEA") related to her son, C.R. <u>See</u> 20 U.S.C. § 1415(c), (f), (i). The hearing officer ruled in favor of Rose, finding that Suffolk denied Rose's son, C.R., a free and appropriate public education ("FAPE"), as required by IDEA.

On June 3, 2015, the matter was referred to United States Magistrate Judge Douglas E. Miller, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure

72(b), to conduct hearings, including evidentiary hearings, if necessary, and to submit to the undersigned proposed findings of fact, if applicable, and recommendations for the disposition of the motions.

The Magistrate Judge conducted a hearing on June 30, 2015, and granted the parties' requests to hear and receive additional evidence. ECF No. 24. The Magistrate Judge filed the Report and Recommendation ("R&R") on August 10, 2015. ECF No. 33. The Magistrate Judge recommended granting in part Rose's Motion for Summary Judgment, denying Suffolk's Motion for Summary Judgment, affirming in part the hearing officer's decision, vacating in part the hearing officer's decision, and enjoining the parties to meet, confer, and prepare a new Individualized Education Plan ("IEP") that identifies C.R. as disabled with autism, in addition to other health impairment (ADHD) and specific learning disorder (written expression), for purposes of assessing his eligibility to receive special education and related services. Id. at 47-48.

By copy of the R&R, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge. Id. at 48-49. Suffolk filed its Objections to the R&R on August 25, 2015 ("Suffolk's Objections"). ECF No. 34. Rose did not file any objections, but

did file a Response to Suffolk's Objections on September 8, 2015. ECF No. 35.

The court also must address Rose's request for attorneys' fees, made in the Brief in Support of Rose's Motion for Summary Judgment. ECF No. 19 at 25-27. This request was repeated in the Response to Suffolk's Objections. Resp. to Pl.'s Objs. at 18-20. Suffolk has not responded to this request, and it was not addressed by the Magistrate Judge.

## I. STANDARD OF REVIEW

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R&R to which the Parties have specifically objected. Fed. R. Civ. P. 72(b). The court may accept, reject, or modify, in whole or in part, the recommendations made by the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

On a motion for summary judgment, a district court reviewing an administrative decision under the IDEA must conduct an independent, de novo review. E.L. ex rel. Lorsson v. Chapel Hill-Carrboro Bd. of Educ., 773 F.3d 509, 516-17 (4th Cir. 2014). The district court must give due weight to the administrative proceedings. Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cty. v. Rowley, 458 U.S. 176, 206

3

(1982). When the hearing officer's findings of fact are regularly made, they are entitled to prima facie correctness. Doyle v. Arlington Cty. Sch. Bd., 953 F.2d 100, 105 (4th Cir. 1991).

## II. SUFFOLK'S OBJECTIONS

Suffolk makes three objections to the R&R. The court considers each in turn.

### A. Suffolk's First Objection is OVERRULED

First, Suffolk contends that the Magistrate Judge erred in finding that the hearing officer's factual findings are prima facie correct. Suffolk's Objs. at 2. In support, Suffolk argues that the hearing officer made errors of law and fact,[1] rather than procedural errors, and therefore the findings of fact are not entitled to be considered prima facie correct. Id. Further, Suffolk alleges that the hearing officer's finding that Suffolk "did not fully consider the Advocate's data or the Independent Evaluator's report" was erroneous. Id. at 2-5.

---

[1] Suffolk cites, as an example, the hearing officer's decision that 1) C.R. is conclusively "not a child who has an emotional disability," and 2) the emotional disability label should be deleted from C.R.'s educational record. Likewise, Suffolk argues that the hearing officer's finding regarding an appropriate school placement was an error of law and fact. However, the Magistrate Judge addressed these issues in the R&R and found that the hearing officer's decisions on these issues were not supported by a preponderance of the evidence. R&R at 40, 45.

First, the Magistrate Judge did not err in determining that the decision of the hearing officer was entitled to be considered prima facie correct. Findings of fact made by the hearing officer are entitled to be considered prima facie correct when regularly made. Doyle, 953 F.2d at 105. "Regularly made" refers to the way in which the hearing officer arrived at the decision and the methods employed in doing so. Id. Here, the hearing officer has not "departed from the fact-finding norm" and the findings were made in a regular manner. See id. The Magistrate Judge was therefore correct in determining that the administrative decision was entitled to be considered prima facie correct. Further, the Magistrate Judge's conclusion that two findings of fact by the hearing officer were not supported by a preponderance of the evidence[2] does not serve to vacate the factual findings of the hearing officer in its entirety nor negate the initial need to give due weight to the hearing officer's regularly made findings by treating them as prima facie correct.

Thus, after correctly considering the hearing officer's decision as prima facie correct, the Magistrate Judge was free to decide the case based on the preponderance of the evidence. Id. Further, in light of the Magistrate Judge's conclusions on the two disputed factual issues previously referenced, the

---

[2] See supra note 1.

Magistrate Judge properly tailored its recommendations for the undersigned to consider. See, e.g., R&R at 41 (recommending the court not affirm the hearing officer's decision that C.R. is conclusively not a child who has an emotional disability but recommending the court affirm the hearing officer's finding that C.R.'s educational performance is not adversely affected primarily because C.R. has an emotional disturbance).

Second, the Magistrate Judge's finding, which affirmed the hearing officer's finding, that Suffolk did not fully consider the reports by the child's Advocate and the two independent evaluators in developing the IEP is not erroneous. It is supported by a preponderance of the evidence as thoroughly addressed in the R&R, which the court will not belabor here. See R&R 36-40, 43-45. Accordingly, Suffolk's first objection is **OVERRULED**.

### B. Suffolk's Second Objection is OVERRULED

Second, Suffolk claims that the Magistrate Judge erred by failing to grant deference to the opinions of Suffolk's educational professionals. This objection restates Suffolk's position from the Complaint, ECF No. 1 ¶¶ 15-23, and its Memorandum in Support of Suffolk's Motion for Summary Judgment, ECF No. 17 at 31-35. The record is clear that the hearing officer and Magistrate Judge did, in fact, give deference to the opinions offered by Suffolk's school psychologist, but found

that this testimony was outweighed by the strength of the evidence presented by Rose. See R&R at 36-37, 39-40; Due Process Hr'g Findings of Fact & Decision, ECF No. 4-46 at 8, 10-11, 13. Accordingly, Suffolk's second objection is **OVERRULED**.

### C. Suffolk's Third Objection is OVERRULED

Finally, Suffolk argues that the Magistrate Judge erred in finding that C.R.'s IEP was not sufficient and constituted a denial of a FAPE. It contends that, even if the emotional disability label was incorrect, an incorrect label does not automatically render the IEP insufficient. Suffolk's Objs. at 8. It asserts C.R.'s IEP was tailored to his specific needs, and there is no evidence the IEP would have changed had his primary disability category been changed to autism. Id. at 8-10. This objection reargues its position from the Complaint, see ¶¶ 26-29, and Motion for Summary Judgment, see Mot. at 4-5; Mem. Supp. Pl.'s Mot. Summ. J. at 41-44.

The Magistrate Judge committed no error in finding that the preponderance of the evidence supports the hearing officer's conclusions that the IEP was insufficient for failing to account for C.R.'s autism spectrum disorder and its impact on his educational needs. Therefore, Suffolk's third objection is **OVERRULED**.

## III. ROSE'S REQUEST FOR ATTORNEYS' FEES

Rose made a request for attorneys' fees in the Brief in Support of Defendant's Motion for Summary Judgment, Br. Supp. at 25-27, which she reiterated in her Response to Suffolk's Objections, Resp. to Pl.'s Objs. at 18-20. Rose appears to request attorneys' fees incurred during the state administrative hearing, as authorized by 20 U.S.C. § 1415(i)(3)(B). However, in calculating the amount sought, Rose recites the hours worked and hourly rate of counsel representing her in the instant proceeding. Id. at 26-27. It is therefore unclear if Rose seeks attorneys' fees for the administrative hearing or the instant suit — in which she was not a prevailing party at the time of the request for fees — or for both proceedings.

To clarify the request for attorneys' fees and enable the court to properly consider the request, the court **DIRECTS** the parties to submit further briefing on the issue, as set forth below.

## IV. CONCLUSION

This court, having examined the Objections to the Magistrate Judge's R&R, and having made de novo findings with respect thereto, overrules Suffolk's Objections, and does hereby adopt and approve in full the findings and recommendations set forth in the R&R of the United States Magistrate Judge filed on August 10, 2015. Accordingly, the court **GRANTS IN PART** Rose's

Motion for Summary Judgment; **DENIES** Suffolk's Motion for Summary Judgment; **AFFIRMS IN PART** the hearing officer's decision; **VACATES** the hearing officer's order directing that C.R. attend Chesapeake Bay Academy; and **DIRECTS** the parties to meet, confer, and prepare a new IEP that identifies C.R. as disabled with autism, in addition to other health impairment (ADHD) and specific learning disability (written expression), for purposes of assessing his eligibility to receive special education and related services for the 2015-2016 school year.

Additionally, the court **DIRECTS** Rose to file, within fourteen (14) days of the entry of this order, an affidavit and supporting documentation for any attorneys' fees requested arising from the administrative hearing or the instant proceeding, or both. The court **DIRECTS** Suffolk to file any response to the amount requested within fourteen (14) days of Rose's filing.

The Clerk is **DIRECTED** to forward a copy of this Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

September 22, 2015